DONALD P. CORBETT, ET AL.
*vs.*
PAUL NOEL, ET AL.

Kennebec County.   Opinion, December 3, 1964.

*Weeks, Hutchins & Frye,*
by: *Miles P. Frye, Esq.,* for Plaintiff.

*Bryan, Cave, McPheeters & McRoberts,*
by: *William M. VanCleve, Esq.,*
*Lester T. Jolovitz, Esq.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WILLIAMSON, C. J. This case is before us on report upon an agreed statement of facts. Five former employees seek an interpretation of the provisions of the Salary Bonus Plan Trust (the "Trust") of the Fort Halifax Packing Company to determine the extent of their vested rights and the amounts to which they are entitled under the Trust.

The amount in controversy as of July 31, 1964, was $7,492.52. The decision will determine whether this

amount belongs to the five plaintiffs who ceased to be employees in 1961 and 1962, or to the fourteen defendant salaried employees with the Company on the termination of the Trust on December 31, 1963. Neither the Company nor the Trustees have any pecuniary interest in the outcome of the case.

What is the meaning of the words "five (5) full years of continuous participation" in Article XIV, Section 1(a) of the Trust?

"The Trust was established on October 20, 1953, and the 'Anniversary Date' of the Trust is defined as:

"The *twentieth* day of *October,* in each year, including the *twentieth* day of *October,* 1953 which date is herein sometimes referred to as the first anniversary date, during which this Plan and Trust shall be in force." (Article II, Section 1. (m))

"The terms of the Trust determining the eligibility and date of participation of qualifying employees provide as follows, in pertinent part:

'Article IV

'Section 1. ·

'Employees of the Company eligible to become Participants under this Plan shall be all those present and future salaried employees of the Company who as of an anniversary date are employed and acitvely engaged in the conduct of the business of the Company and not on a leave of absence or in the Armed Forces of the United States.'

\* \* \* \* \* \* \*

'Section 3.

'Subject to the provisions of this Agreement, the participation of present employees eligible as above specified who meet the above require-

ments, as of the first anniversary date, shall commence as of the first anniversary date hereof, and the participation of other employees, present and future, who meet the above requirements on any subsequent anniversary date concerned shall commence as of such anniversary date.'

"The terms of the Trust determining the vested interest of a Participation in his account upon 'termination of employment' provide as follows, in pertinent part:

'Article XIV

TERMINATION OF EMPLOYMENT

*'Section 1.*

'In the event of termination of employment, either voluntary or involuntary, for any reason other than disability, retirement at normal or an earlier retirement date, or because of death, the vested interest of the Participant in his account shall be determined as follows, the periods stated being computed from the date when last he became a Participant.

'(a)  If, at the date of termination of employment, the Participant has completed less than five (5) full years of continuous participation, his interest in his account and in this Trust shall be forfeited.

'(b)  If, at the time of termination of employment, he has completed five (5) full years of continuous participation, he will be entitled to ten per cent (10%) of the value of his account.

'(c)  For each additional full year of continuous participation in excess of five (5) full years, he will be entitled to ten per cent (10%) of the value of his account.

'(d)  If, at the time of termination of employment, he has completed fourteen (14) or more years of continuous participation, he will be en-

titled to one hundred per cent (100%) of the value of his account.'

"The terms of the trust provide that the portion of an account which is not vested in a Participant, in the event of 'termination of employment,' shall be allocated, as of the next valuation date, among the remaining Participants as though it were a profit to the Trust for that year.

'Article VI

DETERMINATION OF SHARE OF PARTICIPANT IN CONTRIBUTIONS

'*Section 1.*

'Each contribution by the Company to the Plan shall be allocated as follows:

'(a)    Each person who is a Participant in the Plan on the anniversary date as of which a contribution to the Trust is made by the Company shall, subject to the other provisions of this Agreement, be allocated a share in the Distributable Profit Share as follows:

'(1)    Each Participant shall be credited with one profit sharing point for each $100 of his regular salary for the year, to the nearest $100 of such salary.

'(2)    Each Participant shall be credited with one profit sharing point for each completed full year of past service, except that each Participant as of the first anniversary date shall be deemed to have completed one full year of service, for the purpose of the fiscal year ended October 31, 1953 and for all subsequent fiscal years."

Of the four plaintiffs who were employed prior to October 20, 1953 and became participants in the Trust on the first Anniversary Date of October 20, 1953, three terminated their employment on October 30, 1961 and one in January 1962. The fifth plaintiff was employed in Febru-

ary 1955, became a participant in the Trust on the Anniversary Date of October 20, 1955, and terminated his employment in January 1962.

The plaintiffs contend that the Anniversary Date on which a salaried employee becomes a participant marks the completion of one "full year of continuous participation" within the meaning of Article XIV. The defendants' position is that a "full year of continuous participation" means a twelve month period from Anniversary Date of the Trust to Anniversary Date in which the employee was at all times a participant in the Trust.

In our view the construction placed upon the quoted phrase by the defendants is correct. Under Article IV, Section 3, we find that participation of an eligible employee commences on an Anniversary Date. Under Article XIV, Section 1, the vested interest is determined by periods "computed from the date when last he became a Participant."

Plaintiff Corbett, for example, contends that he had nine full years of continuous participation and thus is entitled to 50% of the value of his account (Article XIV, Section 1(c)) as follows:

From employment to first anniversary date of October
    20, 1953                       — 1 year
Four "full years" to October 20, 1957    — 4 years
Four additional "full years" to October 20,
    1961                          — 4 years

                                        9 years

The defendants on their part give no credit for any period prior to the commencement of participation on October 20, 1953. Thus Mr. Corbett had eight full years of continuous participation from October 20, 1953 to October

20, 1961, and acquired a vested right in 40% of his account, or 10% less than claimed by him.

The plaintiffs place weight on the fact that an account was established for each employee on his becoming a participant. Thus in the case of Mr. Corbett, for example, at the Anniversary Date in October 1957 he would have had five payments made to his account, although in fact he had been employed four years. The Trust, however, provides that the percentage of the employee's account vesting on termination of employment is based not on years of contribution by the Company, but on years of continuous participation by the employee. There is no required relationship between the number of payments by the Company into the fund to the account of the employee and the percentage of the account to which on early termination of employment he is entitled.

In reaching this conclusion, we are fully satisfied that we are giving effect to the plain meaning of the Trust.

> "The first maxim of construction, and that upon which rest all the rules, is this, namely, that, so far as the law will permit, the apparent intent of the contracting parties shall be regarded. Operation and intent are to be ascertained from the purpose of the parties; their meaning and understanding as shown by the language they used, applied to the subject-matter." *Katz, et al.* v. *New England Fuel Oil Co., et al.,* 135 Me. 452, 457, 199 A. 274, 457.

See also *Eliasberg, et al.* v. *Roosevelt, et al.,* 157 Me. 370, 173 A. (2nd) 147; *Old Colony Trust* v. *McGowan, et al.,* 156 Me. 138, 163 A. (2nd) 538; *Monk* v. *Morton,* 139 Me. 291, 30 A. (2nd) 17; *Seed Company* v. *Trust Company,* 130 Me. 69, 153 A. 671; *Power Company* v. *Foundation Company,* 129 Me. 81, 149 A. 801.

The plaintiffs are entitled to the percentage of the value of their accounts and to final judgments for the amounts

stated below with interest earned on the accounts on and after July 31, 1964, to the date of judgment, in accordance with the terms of the report.

| | | |
|---|---|---|
| Donald P. Corbett | 40% | $10,858.85 |
| John H. McGowan | 40% | $ 6,225.66 |
| Oscar T. Turner | 40% | $ 5,159.67 |
| Robert McGowan | 40% | $ 6,661.31 |
| Thomas Myers | 20% | $   499.92 |

The entry will be

*Case remanded to Superior Court for entry of judgments in accordance with this opinion.*